NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROTATABLE TECHNOLOGIES LLC,**
*Plaintiff-Appellant,*

**v.**

**MOTOROLA MOBILITY LLC, SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG ELECTRONICS AMERICA, INC., AND APPLE INC.,**
*Defendants-Appellees.*

---

2014-1042

---

Appeal from the United States District Court for the Eastern District of Texas in No. 2:12-CV-00265, Judge J. Rodney Gilstrap.

---

Decided: June 27, 2014

---

TIMOTHY T. WANG, Ni, Wang & Associates, PLLC, of Dallas, Texas, argued for the plaintiff-appellant. With him on the brief was HAO NI.

JESSE J. JENNER, Ropes & Gray LLP, of New York, New York, argued for all defendants-appellees. With him on the brief were GENE W. LEE; and JANICE V. JABIDO, of

Chicago, Illinois, for Samsung Telecommunications America, LLC, et al.  Of counsel on the brief were RODERICK M. THOMPSON, EUGENE Y. MAR and DANIEL C. CALLAWAY, Farella Braun + Martel LLP, of San Francisco, California, for Motorola Mobility LLC; SUSAN K. KNOLL and KEANA TAYLOR, Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP, of Houston, Texas, for Apple, Inc.

———————————

Before O'MALLEY, TARANTO, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Rotatable Technologies LLC argues that the preamble term "selectively rotating" is not a claim limitation. A preamble may limit the claimed invention if it recites additional structure or steps that the specification underscores as important, or if it is clearly relied on during prosecution to distinguish the claimed invention from the prior art.  Because the intrinsic record emphasizes the importance of "selectively rotating" and because the prosecution history shows that the patentee relied on the term "selectively rotating" to distinguish the claimed invention from prior art, the district court correctly determined that "selectively rotating" is a claim limitation. We affirm.

## I.

In the district court, Rotatable alleged that Motorola Mobility LLC, Samsung Telecommunications America, LLC, Samsung Electronics, Inc., and Apple Inc. infringe claims 9, 11, 13, 14, 16, and 18 of U.S. Patent No. 6,326,978.  The '978 patent relates to a method of allowing a user to selectively rotate a display window in a graphical user interface, e.g., in Microsoft Windows. '978 patent col. 1 ll. 6–21.  Following the district court's *Markman* order, the parties stipulated to noninfringement.  Rotatable appeals, among other things, that the preamble term "selectively rotating" is not a claim limita-

tion and that, if the term is a claim limitation, the district court erred in its construction of the term. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II.

"Claim construction is a legal statement of the scope of the patent right" that we review de novo. *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272, 1276–77, 1284 (Fed. Cir. 2014) (en banc); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc). "[T]he words of a claim 'are generally given their ordinary and customary meaning.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc) (citations omitted). But we will adopt an alternative meaning if the intrinsic record "shows that the patentee distinguished that term from prior art on the basis of a particular embodiment, expressly disclaimed subject matter, or described a particular embodiment as important to the invention." *Edwards Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1329 (Fed. Cir. 2009) (quoting *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366–67 (Fed. Cir. 2002)).

Whether a preamble limits a claimed invention is a question of law that we review de novo. *Catalina Mktg., Int'l v. Coolsavings.com*, 289 F.3d 801, 807–08 (Fed. Cir. 2002). A preamble may limit the invention if it "recites essential structure or steps, or if it is 'necessary to give life, meaning and vitality' to the claim." *Id.* (quoting *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305 (Fed. Cir. 1999)). When reciting additional structure "underscored as important by the specification, the preamble may operate as a claim limitation." *Id.* at 808. Moreover, "clear reliance on the preamble during prosecution to distinguish the claimed invention from the prior art transforms the preamble into a claim limitation." *Id.*

III.

The preambles of claims 9 and 14 of the '978 patent recite "selectively rotating a computer display window." '978 patent col. 5 ll. 25–26, col. 6 ll. 11–12. Rotatable appeals the district court's determination that this term is a claim limitation and that the term means "rotating a computer display window such that any angle of orientation may be chosen." Appellant's Br. 2.

"Selectively rotating" limits the claimed invention. The specification is replete with references to "selectively rotating," underscoring the importance of the feature to the claimed invention. *See, e.g.*, *Poly-America, L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1310 (Fed. Cir. 2004). For example, the '978 patent's title, abstract, background of the invention, summary of the invention, description of the drawings, detailed description, and all independent claims recite "selectively rotating." *See* '978 patent [54], [57], col. 1 ll. 1–2, col. 2 ll. 18–19, col. 2 l. 31, col. 2 l. 47, col. 2 l. 58, col. 2 l. 66, col. 4 l. 56, col. 5 l. 8, col. 5 l. 25, col. 6 l. 11.

Further, the prosecution history shows "clear reliance on the preamble" to distinguish the claimed invention from the prior art. *Catalina*, 289 F.3d at 808. The Examiner rejected claims 9 and 14 as obvious in view of U.S. Patent Nos. 6,016,145 (Horvitz) and 5,956,043 (Jensen) because "Horvitz discloses a way to rotate a window and Jensen discloses a way to coplanar rotate a window defined pixel region." J.A. 220. In response, the patentee asserted:

"[i]n all instances [as taught by *Horvitz*], the edges of the window always remain parallel to two of the three x-, y-, and z-axes." *By contrast*, a window that has been *selectively rotated* to an angle, other than 0, 90, 180, 270, and 360 degrees, *as claimed* will have none of its edges parallel to the three x-, y-, and z-axes. Thus, the suggested mod-

> ification would result in a change to the principle of operation of *Horvitz*. As a result, the teachings of the references are not sufficient to render the claims *prima facie* obvious.

*Rotatable Techs. LLC v. Nokia*, No. 2:12-CV-265-JRG, 2013 WL 3992930, at *7 (E.D. Tex. Aug. 2, 2013) (alterations and emphases in original) (quoting an earlier Amendment). Later, on appeal to the Board of Patent Appeals and Interferences, the patentee repeated the same argument, this time including quotation marks around the phrase "selectively rotated." J.A. 159. In light of the foregoing, we affirm the district court's determination that "selectively rotating" is a claim limitation.

Rotatable argues that even if "selectively rotating" is a limitation, the district court's construction erroneously excludes embodiments in which rotation is limited to predetermined increments and preselected orientations. The '978 patent does state that "rotation may be freely chosen *or* limited to selected angles." '978 patent col. 2 ll. 37–39 (emphasis added); *see also id.* col. 3 ll. 46–50, col. 4 ll. 15–17. But during prosecution, the patentee explained that Horvitz discloses only embodiments in which the edges of the rotated windows remain parallel to two of three orthogonal axes, i.e., oriented at predetermined angles of 0, 90, 180, 270, or 360 degrees to one another. J.A. 159. The patentee further stated that, unlike Horvitz, "a window that has been 'selectively rotated' to an angle, other than 0, 90, 180, 270, and 360 degrees, *as claimed* will have none of its edges parallel to the three x-, y-, and z-axes." *Id.* (emphasis added). Given these statements during prosecution, the district court correctly construed "selectively rotating" as "rotating a computer display window such that any angle of orientation may be chosen." Thus, we affirm the district court's construction of "selectively rotating."

The parties stipulated to noninfringement, agreeing that none of the accused products practice the "selectively rotating" limitation, as construed by the district court. Because we affirm the district court's determination that "selectively rotating" is a claim limitation and the district court's construction of the term, we need not address Rotatable's remaining arguments.

**AFFIRMED**

No costs.